IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION


DEBRA C. CRISMAN                                                                           PLAINTIFF

v.                                                                   CIVIL ACTION NO. 2:09CV115-SAA

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY                                                                         DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Debra C. Crisman, filed her application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying supplemental security income (SSI) benefits under Title XVI. The district court's jurisdiction over plaintiff's claim rests upon 28 U.S.C. § 1331. In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a magistrate judge conduct all the proceedings in this case, the undersigned therefore has the authority to issue this opinion and the accompanying final judgment.

**BRIEF FACTUAL SUMMARY**

Plaintiff was born on January 14, 1961. Tr. 31. At the time of the hearing she was 47 years old. *Id.* Plaintiff completed the 10th grade in school and received a GED. Tr. 31. Plaintiff's application for supplemental security income, filed on June 10, 2005, was denied both initially and on reconsideration.[1] Tr. 10. A request for hearing was timely filed, and the hearing was held on January 30, 2008. See Tr. 23-52. Plaintiff contends she is disabled due to dizziness, a chemical imbalance, anxiety, depression and a bilateral hearing impairment. Tr.12, 108. In an opinion dated

---

[1]Plaintiff's application was for SSI only and not for a period of disability or disability insurance benefits as stated in plaintiff's memorandum brief. Docket 14, p. 3.

May 15, 2008, the ALJ found that plaintiff was not disabled as defined by the Social Security Act. After the hearing, the plaintiff obtained a medical source statement from Tate County Communicare relating to plaintiff's mental impairments. Tr. 19 - 22. The Appeals Council denied plaintiff's request for further review on June 8, 2009. The case is now ripe for review.

## STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further stated that substantial evidence:

> must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'

*Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Further, in Social Security disability review cases, where § 405(g) governs the standard of review, *Frith v. Celebrezze*, 333 F.2d 557, 560 (5th Cir.1964), the Fifth Circuit has held that appellate review is limited to two issues: (1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole. *Morris v.* Shalala, 207 F.3d 744, 745 (5th Cir. 2001) *citing Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir.1994); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir.1992). This court

may not overturn the Secretary's decision if it is supported by substantial evidence – "more than a mere scintilla" – and correctly applies the law. *Morris* at 745; *Anthony*, 954 F.2d at 292.

Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

In determining whether an individual is entitled to SSI benefits the Commissioner, through the ALJ, must follow the five step sequential evaluation process set out in 20 C.F.R. §416.920(a)(4). The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§

---

[2]*Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[3]20 C.F.R. § 416.920 (2009).

[4]20 C.F.R. § 416.920 (2009).

1.00-114.09 (2003).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

In the instant case the ALJ found that the plaintiff suffered from bilateral sensorineural hearing loss (profound in the right ear and moderate on left) and depression, but that she was not disabled as defined by Title XVI of the Act. Tr. 12 - 16. More specifically, the ALJ determined that despite plaintiff's combined impairments, including the severe impairments as well as her musculoskeletal problems and hypertension, the medical evidence failed "to document listing level severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination." Tr. 13. The ALJ then found that the plaintiff retains the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 416.967(b), but she must be afforded a sit/stand option, can do work that requires only incidental contact with the public, can perform only simple, repetitive one-to-two task work without quotas or a production requirement and can only carry out simple instructions. Tr. 14. At step four, the ALJ determined that the plaintiff was unable to return to her past relevant work as a production

---

[5] 20 C.F.R. § 416.920(d) (2009).

[6] 20 C.F.R. § 416.920(e) (2009).

[7] 20 C.F.R § 416.920(f)(2009).

[8] *Muse*, 925 F.2d at 789.

worker. Tr. 16 - 17. Considering the plaintiff's age, education, work experience and RFC, and relying on the testimony of a vocational expert ("VE") in conjunction with the Medical Vocational Guidelines, the ALJ found at step five that there exist other jobs in the national economy that the plaintiff could perform. Tr. 17.

The court has reviewed the decision, transcript, and record in the case, as well as the parties briefs, and finds that the decision of the ALJ was proper, is supported by substantial evidence and should be affirmed.

## ISSUES ON APPEAL

In her appeal brief, the plaintiff raises several issues:

1) The ALJ failed to consider any side effects of her medication,

2) The ALJ failed to consider SSR 85-15 and the limitations indicated by Dr. Small relating to her mental impairments and her ability to function in a work setting,

3) The ALJ ignored the combination of plaintiff's hearing impairments with her mental impairments, and

4) The Appeals Council erred in failing to consider the medical source statement provided from Communicare after the ALJ's decision.

## DISCUSSION

Substantial evidence is evidence that a reasonable mind would accept as adequate to support the decision. *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir.1993), citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The plaintiff argues that the decisions of both the ALJ and the Appeals Counsel were not supported by substantial evidence, and this action must be remanded for further consideration. In reviewing the decision of the

Commissioner, the court is limited to determining, without re-weighing the evidence, whether there was substantial evidence in the record as a whole to support the decision that the claimant is not under a "disability" as defined by the Social Security Act. 42 U.S.C. § 405(g); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir.1983). *See Green v. Schweiker*, 694 F.2d 108, 110 (5th Cir.1982), *cert. denied*, 460 U.S. 1091, 103 S.Ct. 1790, 76 L.Ed.2d 357 (1983). Where substantial evidence supports the administrative finding, the court may then only review whether the administrative law judge applied the proper legal standards and conducted the proceedings in conformity with applicable statutes and regulations. *Hernandez v. Heckler*, 704 F.2d 857, 859 (5th Cir.1983). Of course, this standard of review is not a rubber stamp for the Commissioner's decision. It involves more than a basic search for evidence supporting the findings of the Commissioner. The court must scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting said findings. *Austin v. Shalala*, 994 F.2d at 1174, citing *Tome v. Schweiker*, 724 F.2d 711, 713 (8th Cir.1984). *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951); *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir.1984).

<u>Consideration of side effects of medication</u>

At the hearing before the ALJ, the plaintiff was represented by counsel. Plaintiff argues that the ALJ failed to ask plaintiff anything about her medication and any side effects, contrary to SSR 96-7p. An ALJ does have a duty to fully and fairly develop the facts relating to a plaintiff's claims for disability benefits, but it is the plaintiff's burden to prove that she is disabled within the meaning of the Social Security Act. *See Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001); *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987).

To show that the ALJ's failure to address side effects of medication breached his duty to fully

6

develop the record, plaintiff must show that she was prejudiced. *Carey v. Apfel* 230 F.3d 131, 142 (5th Cir. 2000); *See Brock v. Chater,* 84 F.3d 726, 728 (5th Cir.1996); *Kane v. Heckler,* 731 F.2d 1216, 1220 (5th Cir.1984) ( a court must not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure.). To establish prejudice, a claimant must demonstrate that he or she "could and would have adduced evidence that might have altered the result." *Kane,* 731 F.2d at 1220. In this case, the transcript does not indicate that any side effects were a cause for concern for plaintiff. Likewise, despite raising of the issue on appeal, plaintiff has yet to specify what the side effects of her medication are and how they affect her, if at all. Her argument is simply that the ALJ failed to question her about any side effects – which her own lawyer failed to address as well – and that this failure is contrary to applicable SSR's and procedure. Because plaintiff has failed to proffer any information regarding any side effects of her medications and their effect on her ability to do work, this argument must fail.

<u>Consideration of plaintiff's depression under SSR 85-15</u>

Plaintiff next argues that the ALJ failed to follow SSR 85-15 when considering her depression. SSR 85-15 provides a general framework by which solely non-exertional impairments are evaluated in the context of residual functional capacity. SSR 85-15, p 3 . The ruling requires an ALJ first determine whether a plaintiff's non-exertional limitations affect her exertional capacity. Next, the ALJ must determine whether, in light of her occupational base, age, education and past work experience, plaintiff is able to make a vocational adjustment. *Id.* Here, plaintiff does not claim that she has any exertional limitations, and the ALJ found none. When considering a mental impairment, the ruling explains that the basic mental demands of competitive employment require

an ability, on a sustained basis, to understand, carry out and remember simple instructions, to respond appropriately to supervision, co-workers and usual work situations and to deal with changes in a routine work setting. SSR 85-15, at 4.

> A substantial loss of the ability to meet any of these basic work-related activities would severely limit the potential occupational base. This, in turn, would justify a finding of disability because even favorable age, education or work experience will not offset such a severely limited occupational base.

*Id.* Further, the ruling directs the ALJ to consider whether the plaintiff's mental disorder may cause her difficulty adapting to life outside the "inflexible lifestyle within which [she] appear[s] to function well." SSR 85-15, at 6.

Plaintiff claims that the ALJ did not give sufficient consideration to her testimony that she likes to be by herself (Tr. 37), becomes "real nervous" around others (Tr. 46 - 47) and suffers from panic attacks (Tr. 47), together with the opinion of consultative examining clinical psychologist Dr. Charles S. Small, Ph.D., that she is able to perform repetitive tasks "in the safety of her home" but gets "panicky" around others. Tr. 227 - 228. Dr. Small examined the plaintiff twice, in 2005 and again in 2007. Tr. 182 - 184, 225 - 228. It was not until the later examination that plaintiff first mentioned anxiety or isolation. Tr. 226 - 227. Further, Dr. Small observed in 2005 that plaintiff "was capable of completing repetitive tasks and following instructions in a timely fashion." Tr. 183-84. The treatment notes from Communicare do not mention panic attacks or preference for isolation; on at least three occasions they note that plaintiff's depressive symptoms were improving (Tr. 232, 234 & 236), and that plaintiff twice reported an increased involvement in leisure activities (Tr. 234, 236).

In his decision, the ALJ discussed Dr. Small's opinion but afforded weight to the residual

functional capacity assessment of the non-examining state agency psychological consultant because he found that the latter assessment was in keeping with the claimant's testimony and treatment records from Communicare. Tr. 16. Nevertheless, it is clear from the decision that the ALJ did give some weight to plaintiff's testimony and Dr. Small's opinion regarding her penchant for solitude because he determined that plaintiff "should do work that requires only incidental contact with the general public. . . . can perform simple repetitive one-to-two task work . . . . and carry out simple instructions." Tr. 14. Based on the records in evidence at the time of the hearing and decision, the ALJ's determination was proper under all applicable regulations and supported by substantial evidence. Plaintiff's argument is without merit.

Consideration of the combination of plaintiff's hearing and mental impairments

Plaintiff contends that the ALJ "ignored the combination of hearing impairment and mental impairments," theorizing that the hearing loss "could be depressing in itself." Docket 14, pp. 10 - 11. This argument is wholly without merit, lacks any support either in the medical records or in medical theory, and when broadly addressed at the administrative hearing, the plaintiff stated:

Q   Is there – I know you're not a doctor – do you believe there's any connection between your depression and your hearing loss?

A   No, sir.

Tr. 48. This argument too must fail. *See Broadnax v. Barnhart*, 54 Fed. Appx. 406 (5th Cir. 2002); *Castillo v. Barnhart,* 325 F.3d 550 (5th Cir. 2003).

Appeals Council's failure to consider plaintiff's MSS form from Communicare

Plaintiff last argues that the Appeals Council erred because it did not consider the Communicare Medical Source Statement which was submitted to the Appeals Council on July 14,

9

2008. According to plaintiff, the form is "information from claimant's treating physician and [the Council] had no right to totally disregard it without comment as required by 20 C.F.R. §404.970(a) - (b)." Docket 14, p. 12. The form was illegibly signed on May 12, 2008, just three days before the ALJ's opinion was issued, and it was not received by the Social Security Administration until July 14, 2008. Tr. 21, 19. The only legible signature on the form is that of an individual without a recognized medical degree or certification as a mental health physician. Tr. 22. 20 C.F.R. 416.913(a) provides that a therapist is not an acceptable medical source to "provide evidence to establish an impairment," but is an important "other" medical source of information which an ALJ must consider. Likewise, SSR 06-3p provides:

> The distinction between "acceptable medical sources" and other health care providers who are not "acceptable medical sources" is necessary for three reasons. First, we need evidence from "acceptable medical sources" to establish the existence of a medically determinable impairment. See 20 C.F.R. 404.1513(a) and 416.913(a). Second, only "acceptable medical sources" can give us medical opinions. See 20 C.F.R. 404.1527(a)(2) and 416.927(a)(2). Third, *only "acceptable medical sources" can be considered treating sources, as defined in 20 C.F.R. 404.1502 and 416.902, whose medical opinions may be entitled to controlling weight*. See 20 C.F.R. 404.1527(d) and 416.927(d). . . .
> In addition to evidence from "acceptable medical sources," we may use evidence from "other sources," as defined in 20 CFR 404.1513(d) and 416.913(d), to show the severity of the individual's impairment(s) and how it affects the individual's ability to function. These sources include, but are not limited to:
>    *    Medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists; . . . .

SSR 06-3p (emphasis added). The Appeals Council was not required to afford the MSS form controlling weight or to treat it as information from a treating physician as the evidence does not support that conclusion.

The Appeals Council, by form letter and Order dated June 8, 2009 denied the request for

review and stated:

> The Appeals Council has received additional evidence which it is making part of the record. That evidence consists of the following exhibits:
> Exhibit AC-1 Tate County Communicare report dated May 12, 2008

Tr. 4. The court finds that the Appeals Council considered the MSS form consistent with Social Security Administration policies and legal standards applicable in this court. HALLEX I-3-5-90; *Higginbotham v. Barnhart*, 405 F.3d 332, 337 - 338 (5th Cir. 2005).

When new evidence becomes available after the ALJ's decision, and there is a reasonable likelihood that the new evidence could change the outcome of the decision, a remand is appropriate so that this new evidence can be considered. *Govea v. Astrue*, 2008 WL 2952343, *4 (W.D.Tex.,2008), citing *Ripley v. Chater,* 67 F.3d 552, 555 (5th Cir.1995). However, evidence is not considered "material" if it relates to a disability or to the deterioration of a previously non-disabling condition resulting after the period for which benefits are sought. *Falco v. Shalala,* 27 F.3d 160, 164 (5th Cir.1994). If, however, new and material evidence was properly presented to and considered by the Appeals Council, this court must consider that evidence as part of the entire record, even if the Appeals Council denied review. *Rodriguez v. Barnhart,* 252 F.Supp.2d 329, 335 (S.D.Tex.2003).

Review of the medical source statement reveals that (1) it is not from a treating physician, but rather a therapist or "other medical source," (2) it was obtained after the hearing, but before the ALJ's decision, and yet the plaintiff failed to submit it until almost two months after it was originally signed, and (3) it is inconsistent with treatment notes and records from Communicare that provide a more positive outlook and suggest that the plaintiff's depressive symptoms had improved. Tr. 234,

236. Given the ALJ's detailed review of the evidence and the inconsistencies and lesser weight afforded the MSS form, the court holds the Commissioner's decision was supported by substantial evidence and should be affirmed.

## CONCLUSION

Based on the foregoing reasons, the court finds that the ALJ did not earr in concluding that the plaintiff is not disabled and is not entitled to supplemental social security benefits under section 1614(a)(3)(C) of the Social Security Act. An order in accordance with this memorandum opinion will issue this day.

This the 17th day of June, 2010.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE